421 A.2d 716

**COMMONWEALTH of Pennsylvania**

v.

**James J. COYLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 29, 1980.

Edward J. Hughes, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and EAGEN, JJ.*

PER CURIAM:

This is an appeal from the judgment of sentence (a fine of $10 and costs) imposed upon James J. Coyle, the appellant, after he was adjudged guilty in a nonjury trial in Montgomery County[1] of a violation of Section 3234(a) of the Pennsylvania Election Code, Act of June 3, 1937, P.L.1333, art. XVI, § 1614, *as amended*, 25 P.S. § 3234, which provides as follows:

> "(a) No candidate for public office, or political committee or party acting on his behalf, shall place any advertisement referring to an opposing candidate for the same office which is to be broadcast or published during the

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, is sitting by designation.

1. Coyle was initially adjudged guilty of the summary offense after a hearing before a District Justice. Coyle then filed an appeal in the Court of Common Pleas and a de novo hearing followed.

forty–eight hours immediately prior to an election or published in a weekly newspaper or periodical during the eight days immediately prior to an election, with a television or radio broadcasting station, newspaper or periodical, unless he has first given a copy of the material to appear or to be used in the advertisement and reasonable notice to the opposing candidate and the County Board of Elections of the county where the advertisement is to be placed in sufficient time for a reply advertisement to be published or broadcast at the same approximate time or in the same issue of the publication or on the same radio or television broadcast as the original advertisement and prior to the election in question."

The statutory provision is designed to preclude attacks by a candidate for public office against his opponent through an advertisement in the news media at a time so late in the campaign that a reply is foreclosed. Cf. *Commonwealth v. Suplee*, 255 Pa.Super. 351, 387 A.2d 85 (1978).

According to the facts found by the trial court, Coyle was a candidate for election to the Pennsylvania House of Representatives in the election conducted on November 7, 1978. Coyle personally presented the political advertisement involved to an advertising salesman at Montgomery Newspapers, Inc., in Jenkintown approximately one week before the election for publication in three weekly newspapers which were scheduled for publication five days prior to the election.[2] No notice of the advertisement was given to Coyle's opponent in the election or to the election board.

■ Coyle does not dispute that he personally delivered the advertisement and the check covering the cost to the advertising salesman, but urges that the advertisement was the act of his political committee, rather than himself, for the purpose of the statute because the cost of the advertisement was paid for by a check drawn against a bank account designated "Friends of James Coyle." He also notes that the advertisement itself stated it was paid for by "Friends

**2.** The advertisement was more or less innocuous when compared with political advertising generally. However, the statute proscribes "any advertisement referring to an opposing candidate...."

of James Coyle." The statute specifically proscribes a candidate for public office from "placing" an advertisement. The evidence is ample to establish Coyle placed the advertisement.

Coyle next complains the advertisement did not "refer" to his opposing candidate as the statute mandated. While the advertisement did not mention his opponent by name, it did specifically refer to "our present state representative" who was Coyle's only opponent for the office he sought. The reference was clear.

 Finally, Coyle maintains the statutory provision is unconstitutional as overly broad and in violation of the equal protection clause in the Pennsylvania and Federal Constitutions. This position was recently addressed and rejected by this Court in *Commonwealth v. Wadzinski*, 266 Pa.Super. 56, 403 A.2d 91 (1979) (court en banc, three judges absent, Spaeth, J. dissenting).[3]

Judgment of sentence affirmed.

---

**3.** We express no personal views on the merits of the constitutional claim raised by Coyle. We do believe, however, that consistency mandates our following the treatment given that issue in *Commonwealth v. Wadzinski*, supra, absent further direction from the Supreme Court. Coyle may, of course, petition the Supreme Court for allowance of appeal.